```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 07-23017-Civ-MORENO
                              MAGISTRATE JUDGE P.A. WHITE
```

SOLOMON DAVID ROBERTS,           :

    Petitioner,                  :

v.                               :        REPORT OF
                                                         MAGISTRATE JUDGE
WALTER A. McNEIL,[1]             :

    Respondent.                  :
_____

## I. Introduction

Solomon David Roberts, a state prisoner currently confined at Martin Correctional Institution at Indiantown, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 in this Court, attacking his convictions and sentences entered in Miami-Dade County Circuit Case Nos. 82-8169, 82-9856, and 82-15413, and the revocation of probation and resultant sentence entered in Case No. 78-5774.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the petition with supporting memorandum of law and Appendix, the Court has the petitioner's response to an order regarding the limitations period with attached exhibits, the respondent's response to an order to show cause with

---

[1] Walter A. McNeil, has replaced James R. McDonough as Secretary of the Florida Department of Corrections, and is now the proper respondent in this proceeding. McNeil should, therefore, "automatically" be substituted as a party under Federal Rule of Civil Procedure 25(d)(1). The Clerk is directed to docket and change the designation of the Respondent.

multiple exhibits, and the petitioner's reply.

## II. Claims

1. The trial court lacked jurisdiction to amend his life sentences after the appellate court remanded his case in July of 2002, because he was (a) resentenced by a successor judge, (b) the new sentence was imposed more than sixty days after the remand, and (c) he was resentenced *in absentia*.

2. He was denied due process of law in the state postconviction proceedings when the trial court (a) adopted and signed the state's proposed order, denying postconviction relief without first permitting him to submit objections and submit his own proposed order, (b) entered a summary denial without attaching a portion of the record to support the denial, and (c) found his motion an improper successive motion.

3. His due process rights were violated when a pretrial trial identification procedure was conducted for the sole purpose of bolstering the later in-court identification of him as the perpetrator and such procedure was conducted in the absence of defense counsel, and he received ineffective assistance of trial counsel with regard to a misidentification defense.

4. His sentence entered in Case No. 78-5774 was in violation of the negotiated plea agreement in that he was to receive a five-year sentence pursuant to the Youthful Offender Act on the lesser included offense of simple robbery, and he received ineffective assistance of trial counsel when his lawyer failed to challenge the sentence.

## III. Procedural History

In order to appreciate the procedural posture of this case, the extensive procedural history of the state cases must first be reviewed.[2] On April 24, 1978, in Case No. 78-5774, Roberts and two codefendants were charged by information with robbery (Count I),

---

[2] For the early procedural history of the subject cases, unless otherwise indicated, the exhibits illustrating the state procedural history of Roberts' criminal cases are located in the court files concerning his previous two §2254 proceedings in this Court, case numbers 94-1381-Civ-Marcus and 97-0796-Civ-Middlebrooks. This Court takes judicial notice of its own records in Roberts' previous habeas corpus cases.

2

attempted first degree murder (Count II), and unlawful possession of a firearm while engaged in a criminal offense (Count III). Pursuant to a plea of guilty entered on October 31, 1978, Roberts was convicted of the robbery offense and sentenced to a five-year term of imprisonment with a three-year minimum mandatory term, followed by a five-year term of probation. On April 15, 1982, in Case No. 82-8169, Roberts and a codefendant were charged with robbery (Count I) and attempted first degree murder (Count II). Less than one month later, Roberts was charged by information in Case No. 82-9856 with kidnaping (Counts I and II), robbery (Counts III and IV), attempted first degree murder (Counts V and VI), and unlawful possession of a firearm while engaged in a criminal offense (Count VII). Roberts was next charged on July 12, 1982, in Case No. 82-15413 with burglary of a conveyance (Count I), robbery (Count II), attempted first degree murder (Count III), and unlawful possession of a firearm while engaged in a criminal offense (Count VI). Based upon the newly committed offenses, on June 28, 1982, in Case No. 78-5774, Roberts was charged with violating the terms and conditions of his probation. After probation revocations proceedings and, pursuant to the state's notice of intention to seek enhanced penalty, the trial court revoked Roberts' term of probation and sentenced him to life imprisonment with a three-year minimum mandatory term of incarceration, without the possibility of parole.

Not long after, on November 16, 1982, Roberts pleaded guilty to the crimes charged in Case Nos. 82-8169, 82-9856, and 82-15413. In case number 82-8169, Roberts was sentenced to two life sentences with two three-year minimum mandatory periods of incarceration, to run concurrent with the sentence imposed in case number 78-5774. In case number 82-9856, he was sentenced to five years' incarceration for the kidnaping conviction, and concurrent life

sentences on Counts II through VII, with the court retaining jurisdiction over the sentence for thirty-three years. No sentence was entered on Count VIII, and the sentences were to run consecutive to those imposed in case number 82-15413. In Case No. 82-15413, Roberts was sentenced to 15 years' incarceration on Count I; life imprisonment with a minimum mandatory term of 3 years on Count II, to run consecutive to the minimum mandatory term imposed in case number 82-8169; and life imprisonment with a minimum mandatory term of 3 years on Count III, to run consecutive to the minimum mandatory term imposed in Count II. All of these terms were to run concurrent to those imposed in case number 82-8169, with the court retaining jurisdiction over the sentence for a period of thirty-three years. Roberts took no direct appeal from his convictions and sentences.

On September 7, 1983, Roberts filed a pro se motion to withdraw his pleas of guilty as to all three 1982 cases, the motion was denied by the trial court on October 3, 1983, and Roberts took no appeal from the trial court's ruling. Two years later, on September 17, 1985, Roberts filed a pro se motion for postconviction relief pursuant to Fla.R.Crim.P. 3.850 in case numbers 78-5774 and 82-8169, challenging his convictions and sentences on various enumerated grounds, which included a challenge to the identification of him as the perpetrator. The trial court summarily denied Roberts' motion on December 10, 1985, and the Florida appellate court subsequently affirmed the trial court's ruling. See Roberts v. State, 483 So.2d 504 (Fla. 3 DCA 1986). On January 8, 1986, Roberts filed a second pro se Rule 3.850 motion in Case Nos. 78-5774 and 82-8169, again challenging his convictions and sentences on various grounds, including the claim that his in-court identification was highly suggestive. Roberts' second Rule 3.850 motion was denied for the court's lack of jurisdiction.

4

In December, 1988, Roberts petitioned the state trial court for habeas corpus relief, challenging the revocation of his probation and resultant sentence. After evidentiary proceedings, the petition was denied. Subsequently, the trial court entered an order, specifically finding that (1) all sentences in all four of Roberts' cases were lawful; and (2) the sentencing court's retention of jurisdiction for thirty-three years was lawful and would not be terminated. After additional proceedings not relevant to this federal proceeding, Roberts filed a pro se motion to correct his sentence pursuant to Fla.R.Crim.P. 3.800, raising three claims, which included claims that his life sentence in the probation revocation case was improperly not pursuant to the Youthful Offender Act and the trial court's retention of jurisdiction was unlawful. The motion was denied on November 8, 1990, and he did not take an appeal from the ruling. Four months later, he raised virtually identical claims in a pro se pleading which was treated as a motion to correct sentence, the motion was again denied and Roberts did not appeal the ruling. On July 9, 1991, Roberts sought a belated appeal from the revocation of his probation and resultant sentence, and the petition was denied without opinion on July 16, 1991. Roberts v. Singletary, 583 So.2d 687 (Fla. 3 DCA 1991)(table). Continuing on with his pursuit of state postconviction relief, on August 20, 1992, and April 6, 1993, Roberts filed third and fourth pro se motions to correct illegal sentence, raising the same or similar challenges to his sentences as presented in his earlier motions. He was unsuccessful in the trial court and appellate court. See Roberts v. State, 638 So.2d 72 (Fla. 3 DCA 1994)(table).

On or about July 7, 1994, Roberts came to this Court, filing his first pro se petition for writ of habeas corpus pursuant to §2254, raising the following grounds for relief: (1) his rights

5

under the Sixth and Fourteenth Amendments were violated when he was denied the right to appeal the revocation of his probation; (2) his right to due process was violated when he was denied the right to appeal the court's failure to accept his plea of guilty; (3) his right to due process was violated when the trial court retained jurisdiction over 33 years of his life sentence; and (4) his plea of guilty was not knowing and voluntary entered because the court failed to inform him that a life sentence with the retention of jurisdiction for 33 years could be imposed. The petition was dismissed without prejudice for failure to exhaust state court remedies. See Roberts v. Singletary, No. 94-1381-Civ-Marcus (S.D.Fla. November 23, 1994). Roberts then returned to the state courts and he filed a petition for habeas corpus relief in the trial court on July 6, 1995, apparently raising the same six claims he made in this initial federal petition. The petition was denied on August 17, 1995, and the denial was affirmed without written opinion, see Roberts v. State, 684 So.2d 1368 (Fla. 3 DCA 1996)(table), with the mandate issuing on January 3, 1997.

Roberts then came to this Court, filing his second pro se petition for writ of habeas corpus on March 21, 1997, raising the identical claims presented in his initial petition. See Roberts v. Singletary, No. 97-0796-Civ-Middlebrooks. The case was actively litigated by both Roberts and the state and, after thorough review of the claims raised, the claims were found procedurally barred from federal habeas corpus review and the petition was denied. Roberts v. Singletary, No. 97-0796-Civ-Middlebrooks (S.D.Fla. April 2, 1998). Roberts' motion for certificate of appealability was denied by the Eleventh Circuit Court of Appeals. See Roberts Smalls v. Dept. of Corrections, No. 98-4700 (11 Cir. March 18, 1999). Roberts once again returned to the state courts filing in the Florida Supreme Court on December 29, 2000, a pro se Petition to

6

Invoke All Writs, in which he again challenged the trial court's thirty-three year retention of jurisdiction over his life sentence as unlawful. The petition was treated as a petition for writ of habeas corpus, and after proceedings in both the trial and appellate courts, the petition was ultimately granted to the extent that the trial court was required to strike that portion of the sentence. See Roberts v. State, 821 So.2d 1144 (Fla. 3 DCA 2002). The appellate court held that Roberts need not be present for the correction of the sentence, and that all other issues raised by Roberts were successive and had previously been denied. Id. The Florida Supreme Court denied review on March 11, 2003. See Roberts v. State, 841 So.2d 466 (Fla. 2003)(table). It was not until February 3, 2005, after various proceedings initiated by Roberts, that the trial court entered an Order Amending Sentence, stating that the November 16, 1982, sentence was amended to relinquish the court's jurisdiction of thirty-three years as imposed on the original sentence on November 18, 1982.[3] (DE# 21; Ex. A).

Approximately, five months later, on July 21, 2005, Roberts filed a pro se Motion for Post-Conviction Relief And/Or Motion to Correct Illegal Sentence(s), challenging both his convictions and sentences. (DE# 21; Ex. B). The pleading was subsequently amended to include additional grounds for relief, including a challenge to the probation revocation proceedings. (DE# 21; Ex. C). In its response to the motions, the state argued that Roberts was not entitled to relief in that the motion was an improper successive motion and time-barred. (DE# 21; Ex. D). By order entered on May 19, 2006, the trial court denied the motion, as amended, finding

---

[3]During the interim, Roberts also pursued various other forms of postconviction relief, including a Motion To Withdraw Plea, which was denied and the denial affirmed on appeal. See Roberts v. State, 905 So. 2d 896 (Fla. 3 DCA 2005).

that motions were successive as to each issue raised. (DE# 21; Ex. E). Without first requiring a response from the state, the appellate court issued a per curiam affirmed without written opinion, see Roberts v. State, 939 So.2d 109 (Fla. 3 DCA 2006)(table), and the mandate issued on October 13, 2006, after Roberts' motion for rehearing was denied. (DE# 21; Ex. F). Roberts also filed a pro se petitions for writ of certiorari in the Florida Third District Court of Appeal and Florida Supreme Court on March 20, 2006, July 27, 2007, and September 28, 2007. (DE# 21; Ex. G, H, I, and J). The petitions were denied without explanation on July 12, 2006, September 6 and November 14, 2007, respectively. Id. See also Roberts v. State, 932 So.2d 206 (Fla. 3 DCA 2006); Roberts v. State, 962 So.2d 915 (Fla. 2007); Roberts v. State, 967 So.2d 211 (Fla. 3 DCA 2007). One day before all state proceedings had concluded in the Florida Supreme Court, on November 13, 2007, Roberts came to this Court filing his third pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.[4]

## IV. Discussion

In response to the order to show cause, the respondent argues that Roberts is not entitled to review on the merits of his claims in that this petition should be dismissed as an improper successive petition and/or as time-barred. The respondent has not addressed on the merits the claims raised in the instant petition.

### A. Successive

The respondent's argument that the petition should be dismissed as an improper successive petition is meritorious as to

---

[4]The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999)(prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). (Petition at 7)(DE# 1).

8

any and all of Roberts' attacks on his convictions. On April 24, 1996, the habeas corpus statutes were amended. Included in the new amendments is a change in 28 U.S.C. §2244, which now reads as follows:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus except as provided in section 2255.
>
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --
>   (A) the application shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>   (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
> (3)(A) *Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application*.
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

>             (C) The court of appeals may authorize the
>        filing of a second or successive application only
>        if it determines that the application makes a prima
>        facie showing that the application satisfies the
>        requirements of this subsection.
>             (D) The court of appeals shall grant or deny
>        the authorization to file a second or successive
>        application not later than 30 days after the filing
>        of the motion.
>             (E) The grant or denial of an authorization
>        by a court of appeals to file a second or
>        successive application shall not be appealable and
>        shall not be the subject of a petition for
>        rehearing or for a writ of certiorari.
>             (4) A district court shall dismiss any claim
>        presented in a second or successive application
>        that the court of appeals has authorized to be
>        filed unless the applicant shows that the claim
>        satisfies the requirements of this section.
>
>             (c) In a habeas corpus proceeding brought in
>        behalf of a person in custody pursuant to the
>        judgment of a State court, a prior judgment of the
>        Supreme Court of the United States on an appeal or
>        review by a writ of certiorari at the instance of
>        the prisoner of the decision of such State court,
>        shall be conclusive as to all issues of fact or law
>        with respect to an asserted denial of a Federal
>        right which constitutes ground for discharge in a
>        habeas corpus proceeding, actually adjudicated by
>        the Supreme Court therein, unless the applicant for
>        the writ of habeas corpus shall plead and the court
>        shall find the existence of a material and
>        controlling fact which did not appear in the record
>        of the proceeding in the Supreme Court and the
>        court shall further find that the applicant for the
>        writ of habeas corpus could not have caused such
>        fact to appear in such record by the exercise of
>        reasonable diligence.

(emphasis added).

As indicated above, Roberts filed two earlier habeas corpus petitions in this Court. His first petition was dismissed without prejudice for lack of exhaustion, Roberts v. Singletary, No. 94-1381-Civ-Marcus (S.D.Fla. November 23, 1994), and therefore did not render the second pro se petition an improper successive petition. See Slack v. McDaniel, 529 U.S. 473, 486-87, 120 S.Ct. 1595, 1605, 146 L.Ed.2d 542 (2000)(holding that dismissal of petitioner's §2254

application for failure to exhaust state remedies does not render a subsequent application second or successive). However, his second petition pro se petition for writ of habeas corpus was denied, Roberts v. Singletary, No. 97-0796-Civ-Middlebrooks (S.D.Fla. April 2, 1998), and the Eleventh Circuit Court of Appeals denied his certificate of appealability. See Roberts Smalls v. Dept. of Corrections, No. 98-4700 (11 Cir. March 18, 1999). The denial of the second petition on procedural grounds counts for purposes of §2244(b). See Turner v. Artuz, 262 F.3d 118 (2 Cir. 2001)(holding that first petition qualified as adjudication on the merits and rendered subsequent habeas petition as "successive" under AEDPA where the district court had denied on merits the exhausted claims and had deemed claims that had not been exhausted as procedurally defaulted to avoid dismissing first habeas petition for unexhausted claims).

Thus, the instant petition is a successive petition with regard to the challenges to the convictions.[5] Since Roberts has

---

[5] It is noted that if Roberts is challenging his convictions on the same grounds raised in the subject state postconviction proceeding, then those individual claims might be cognizable in this federal petition, if this petition were not subject to dismissal as successive. Roberts' alleged due process claim as presented in ground two, however, is not cognizable in this federal proceeding. The claim does not provide a basis for federal habeas relief in that Roberts is merely alleging infirmities in a state post-conviction relief proceeding. Title 28 U.S.C. §2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding. It has long been recognized that there is no federal constitutional requirement that beyond a direct appeal the states must provide a means of post-conviction review of state criminal convictions. See McKane v. Durston, 153 U.S. 684 (1894); Griffin v. Illinois, 351 U.S. 12 (1956). Because a state has no constitutional duty to provide a means of post-conviction review of state convictions, alleged errors or defects in state post-conviction proceedings do not render a prisoner's detention unlawful or raise a constitutional question cognizable in federal habeas corpus proceedings. See Nichols v. Scott, 69 F.3d 1255, 1275 (5 Cir. 1995), cert. denied, 518 U.S. 1022 (1996); Duff-Smith v. Collins, 973 F.2d 1175, 1182, n.31 (5 Cir. 1992), citing, Vail v. Procunier, 747 F.2d 277 (5 Cir. 1984). See also Sellers v. Ward, 135 F.3d 1333, 1339 (10 Cir. 1998); Conner v. Director of Div. of Adult Corrections, 870 F.2d 1384, 1386-87 (8 Cir.), cert. denied, 493 U.S. 953 (1989), citing, Williams v. Missouri, 640 F.2d 140, 143 (8 Cir.), cert. denied, 451 U.S. 990 (1981); Kirby v. Dutton, 794 F.2d 245, 247-48 (6 Cir. 1986); Bryant v. State of Maryland, 848

failed to apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A), the petition must be dismissed in that this court lacks jurisdiction to review on the merits any challenges to the convictions until the circuit court grants Roberts permission to file a second or successive petition. Burton v. Stewart, 549 U.S. 147, 127 S.Ct. 793, 799, 166 L.Ed.2d 628 (2007)("[Petitioner] neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."). The petitioner will be provided with a form to apply for such authorization with this report. Since this successive petition is clearly barred by the one year statute of limitations provided by 28 U.S.C. §2244 with regard to the convictions, it does not appear that either a direct transfer of the case to the Court of Appeals pursuant to 28 U.S.C. §1631, or a stay of the present case would be appropriate. See generally Guenther v. Holt, 173 F.3d 1328 (11 Cir. 1999).

However, with regard to the challenges to the sentences imposed upon remand, the instant petition is not successive. While the courts cannot separately consider the timeliness of claims under §2244(d)(1), the courts can however separately consider whether claims presented in a subsequent application should be dismissed under §2244(b). See Walker v. Crosby, 341 F.3d 1240, 1245

---

F.2d 492, 493 (4 Cir. 1988). The adequacy or unavailability of state post-conviction review is therefore only material in federal habeas corpus proceedings in the context of exhaustion of state remedies as to federally protected rights. See Conner, 870 F.2d at 1386; Williams, 640 F.2d at 143. But see Dickerson v. Walsh, 750 F.2d 150, 152-53 (1 Cir. 1984). Further, review of the record of the state postconviction proceedings reveals that Roberts clearly received the review to which he was entitled under state law and the fact that the trial court failed to attach to its order certain portions of the record supporting its ruling and/or conduct an evidentiary hearing on any or all the claims and/or permit Roberts to submit a proposed order does not indicate otherwise.

(11 Cir. 2003)(noting that in 'mixed petitions,' in which some claims challenge a conviction while others challenge the resentencing, the claims challenging the resentencing are not second or successive); In re Taylor, 171 F.3d 185, 188 n.* (4 Cir. 1999)(stating the district court is "in the best position to separate the 'new' issues from any which existed at the time the applicant filed an earlier §2255 motion and to limit his consideration of the motion accordingly"); Walker v. Roth, 133 F.3d 454, 455 n. 1 (7 Cir. 1997)( "Of course, had [Petitioner] sought to challenge aspects of his conviction [as opposed to aspects of his resentencing] the district court would have been correct in dismissing his petition as successive."); Galtieri v. United States, 128 F.3d 33, 37-38 (2 Cir. 1997) ("[W]henever a first 2255 petition succeeds in having a sentence amended, a subsequent 2255 petition will be regarded as a 'first' petition only to the extent that it seeks to vacate the new, amended component of the sentence, and will be regarded as a 'second' petition to the extent that it challenges the underlying conviction or seeks to vacate any component of the original sentence that was not amended."). Accordingly, this Court will separate the new claims challenging the resentencing from the old claims that were or should have been presented in the prior application.

### B. Timeliness

Although Roberts' challenges to his sentences imposed upon resentencing are not subject to dismissal as successive, he nevertheless is not entitled to review on the merits of his sentence challenges in that they are time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2).[6] In this case, the time for filing a §2254

---

[6]The statute provides that the limitations period shall run from the latest of —

(A) the date on which the judgment became final by the

petition expired one year after the judgment on resentencing became final.[7] See Ferreira v. Secretary, Dept. of Corrections, 494 F.3d 1286, 1287-88 (11 Cir.2007). The latest possible date that the amended sentences became final in this case is March 7, 2005, the expiration of the thirty-day appeal period from the newly imposed sentences.[8] Fla.R.App.P. 9.110(b); Demps v. State, 696 So. 2d 1296, 1297, n.1 (Fla. 3 Dist. 1997); Ramos v. State, 658 So.2d 169 (Fla. 3 Dist. 1995); Caracciolo v. State, 564 So.2d 1163 (Fla. 4 Dist. 1990); Gust v. State, 535 So. 2d 642 (Fla. 1 Dist. 1988). Roberts, therefore, had until on or before March 8, 2006, to file a timely §2254 petition challenging the constitutionality of his sentences, unless the limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. §2244(d)(2).

As indicated above, Roberts vigorously pursued state postconviction relief in both the trial and appellate courts with regard to the subject sentences. However, even when giving Roberts

---

      conclusion of direct review or the expiration of the time for seeking such review;
      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

    [7]Contrary to the position advanced by the respondent, for purposes of this proceeding, this Court will assume without deciding that the striking of the retention of jurisdiction amounts to a resentencing.

    [8]Since the time for filing the notice of appeal fell on a Saturday, March 5, 2005, Roberts would have had until Monday March 7, 2005, for the filing of his notice of appeal. See Fla.R.App.P. 9.420(e).

all the tolling time for which he is entitled, there still remains more than one-year of untolled time. The above-reviewed procedural history reveals that there were no proper state court postconviction proceedings pending from March 8, 2005, through July 20, 2005; from October 14, 2006, through July 26, 2007; and from September 7, 2007, through September 27, 2007 (i.e., a total of 442 days). The respondent, therefore, correctly contends that Roberts' petition for writ of habeas corpus is untimely and should be barred by the one year statute of limitations.[9]

An order was entered requiring the petitioner to state whether one or more of the statutory factors justify consideration of this petition for writ of habeas corpus. (DE# 5). The petitioner was notified that failure to demonstrate the existence of at least one of the four factors would probably result in dismissal of the petition. Id. Although Roberts has filed responses to this Court's order with attached exhibits, he has presented no valid justification whatever for his failure to timely file his federal habeas corpus petition attacking the instant sentences. See Motion for Leave to Supplement Response to Limitation Period by Request for Judicial Notice of Presumptive Evidence of Impediment in State Court Proceeding Under Fed.R.Evid. 201(f); Petitioner's Traverse to Response to Show Cause Order and Alternatively Move for Leave to Reinstate [Doc. 10] for Show Cause Hearing and Appointment of Counsel Under 28 U.S.C. §2243. (DE# 17, 24). He merely incorrectly asserts that the limitations period should be tolled until the conclusion of all state postconviction proceedings which concluded on November 14, 2007. Id. He further appears to assert that he was in someway prevented from timely pursuing state postconviction

---

[9]Although this Court disagrees with certain dates relied upon by the respondent when arriving at his determination that the instant petition is time-barred, as indicated herein, the Court agrees with the respondent's conclusion.

relief and then this federal petition. Roberts' self-serving assertion is wholly conclusory with no substantiation whatever in the record. He has in no way demonstrated that he was in any unconstitutional way prevented from timely filing this federal petition for writ of habeas corpus.[10]

Further, this case presents no grounds for the application of the doctrine of equitable tolling in that there exists no extraordinary factor beyond the petitioner's control which prevented him from filing in a timely manner. See Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11 Cir. 1999). See also Davis v. Johnson, 158 F.3d 806 (5 Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Finally, Roberts' status as a *pro se* litigant does not excuse the delay. See Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005)(stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). See also Rivers v. United States, 416 F.3d at 1323 (holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention when promptness is

---

[10] Absent supporting evidence in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative value. See Tejada v. Dugger, 941 F.2d 1551, 1559 (11 Cir. 1991)(recognizing that a petitioner is not entitled to habeas relief "when his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible'" (citation omitted)). See also Ross v. Estelle, 694 F.2d 1008, 1011-12 (5 Cir. 1983).

required).

In conclusion, Roberts has presented no valid justification supported by the record for his failure to timely file his federal habeas corpus petition attacking the instant sentences. The time-bar is ultimately the result of Roberts' failure to timely prosecute state postconviction proceedings and then this federal habeas corpus petition. Since any cognizable claims raised by Roberts in this habeas corpus proceeding instituted on November 13, 2007, with regard to his sentences are untimely, the claims are time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2) and not entitled to review on the merits.

## V. Conclusion

It is, therefore, recommended that this petition for writ of habeas corpus be dismissed for failure of the petitioner to obtain from the Eleventh Circuit Court of Appeals the authorization required by 28 U.S.C. §2244(b)(3) with regard to the challenges to his convictions and, dismissed as untimely filed pursuant to 28 U.S.C. §2244(d)(1)-(2) with regard to his sentences.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

SIGNED this 19th day of June, 2008.

UNITED STATES MAGISTRATE JUDGE

cc: Solomon David Roberts, Pro Se
    DC# 066691
    Martin Correctional Institution
    1150 SW Allapattah Road
    Indiantown, FL 34956-5397

```
Linda S. Katz, AAG
Department of Legal Affairs
444 Brickell Avenue
Suite 650
Miami, FL 33131
```